UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:15-CV-828-TBR

PATRICIA STRULSON,                                                                                    PLAINTIFF

v.

CHEGG, INC.,                                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Patricia Strulson's ("Strulson") Motion for Extension of Time for Discovery. [DN 30.] Defendant Chegg, Inc. ("Chegg") has responded. [DN 31.] This matter is ripe for adjudication. For the following reasons, Strulson's Motion is **DENIED.**

## I. BACKGROUND

This lawsuit, originally filed on November 11, 2015, alleges that Chegg violated the Kentucky Civil Rights Act when it terminated Strulson's employment there while she was undergoing cancer treatment. [DN 1, at 7.] This Court issued a Scheduling Order on December 29, 2016, wherein Strulson and Chegg were to abide by, among others, the following deadlines: no later than September 1, 2017 the parties were to complete all discovery; no later than September 29, 2017 the parties were to file all dispositive motions. [DN 28.] The trial date set for this matter is January 22, 2018. [*Id.*] Strulson now seeks to extend the September 1 deadline for the completion of discovery for another month.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause" standard in this context has been construed as

1

requiring an inquiry into "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). An additional "consideration is possible prejudice to the party opposing the modification." *Id.* As the Sixth Circuit has noted, "while prejudice to the defendant is not an express component of Rule 16, it is nonetheless a 'relevant consideration.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Thus, "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes).

### III. DISCUSSION

In the present action, Strulson moves the Court to allow her another month to complete discovery, due to the fact that depositions taken in late August "resulted in much information which was not previously known." [DN 30, at 1.] Strulson claims that "[t]his extra time will not delay the proceedings or cause any prejudice" to Chegg, who opposes this Motion. [*See id.*] The Court disagrees. The "good cause" standard of Fed. R. Civ. P. 16 requires an examination of the following considerations: (1) the movant's diligence in meeting the previously-set schedule, and (2) any prejudice to the nonmovant that would result from extending the discovery deadlines. Here, these considerations weigh in favor of Chegg.

First, with respect to diligence, the scheduling order that originally set the September 1, 2017 deadline for the completion of discovery was issued on December 29, 2016, approximately nine months ago. With this in mind, Strulson did not conduct the depositions at issue here until August 23-24, 2017, and did not seek out Chegg to set dates for these depositions until July. Further, Strulson's instant motion seeking an extension for the discovery deadline was not filed

until August 31, 2017, the day before the deadline. The Court is sensitive to the fact that this case is not the only one on which counsel is currently working, but the "diligence" factor weighs in favor of Chegg.

Second, the Court finds that prejudice would result if it were to move the discovery deadline back another month. Specifically, a trial date has been set for January 22, 2018, one the Court is hesitant to move because this case has been ongoing for approximately two years. This conclusion is further bolstered by the fact that, by the terms of the original scheduling order, the deadline for filing dispositive motions is September 29, 2017. To grant Strulson another month to conduct discovery on the eve this deadline could drastically alter this case's schedule. Should both sides be planning on filing dispositive motions, the Court is certain that much work has been put into these future filings and extending discovery could create a domino effect in which large scale changes must be made to these motions. This would warrant an extension on the deadline for filing these motions, which inevitably would lead to the necessary rescheduling of the trial date. After reviewing the filings in this case and the scheduling path on which it currently walks, the Court is satisfied that this factor, too, weighs in favor of Chegg.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Strulson's Motion for Extension of Time for Discovery, [DN 30], is **DENIED.**

**IT IS SO ORDERED.**

cc: Counsel of Record